Torey Ray MAYBERRY, Petitioner–
Appellant,

v.

Hector RIOS, Warden, Respondent–
Appellee.

No. 13–6277.

United States Court of Appeals,
Tenth Circuit.

May 5, 2014.

Torey Ray Mayberry, Lawton, OK, pro
se.

Before KELLY, BALDOCK, and
BACHARACH, Circuit Judges.

## ORDER DENYING CERTIFICATE OF APPEALABILITY AND DISMISSING APPEAL

BOBBY R. BALDOCK, United States
Circuit Judge.

Torey Ray Mayberry, a state prisoner
proceeding pro se, requests a certificate of
appealability ("COA") to appeal the denial
of his 28 U.S.C. § 2254 habeas corpus
petition. Mayberry also asks to proceed
*in forma pauperis.* We deny Mayberry's
application for a certificate of appealabili-
ty, deny his motion for leave to proceed on
appeal *in forma pauperis* as moot, and
dismiss his appeal.

Mayberry pled guilty to, among other
things, various controlled substance of-
fenses, and the state court entered judg-
ment against him on March 21, 2011. He
never moved to withdraw his guilty plea or
to appeal. Mayberry did, however, file a
number of post-conviction letters and mo-
tions with the state court. All of his state
motions for post-conviction relief were de-
nied. Mayberry eventually filed a habeas
petition in federal court, under 28 U.S.C.
§ 2254, on September 13, 2013. The mag-
istrate recommended dismissing Mayber-
ry's claims related to his underlying con-
victions as barred by the one-year statute
of limitations contained in 28 U.S.C.
§ 2244(d)(1). Mayberry objected to the
magistrate's Report and Recommendation
arguing, among other things, that the
magistrate used the wrong dates to calcu-
late the tolling of the statute of limitations
under 28 U.S.C. § 2244(d)(2). The district
court, without acknowledging Mayberry's
specific objections, adopted the magis-
trate's Recommendation.

In requesting we issue a COA, Mayber-
ry argues his claims related to his underly-
ing convictions are timely for two reasons.
First, he argues the magistrate used an
incorrect date to calculate the statutory
tolling of his one-year statute of limitations
under 28 U.S.C. § 2244, an error he claims
the district court ignored. Second, he ar-
gues he is entitled to equitable tolling for
the period during which he was incarcerat-
ed at a jail with no legal library.

In determining whether to issue a COA
when the district court denies a habeas
petition on procedural grounds, as it did
here, we must decide whether the petition-
er has made a substantial showing "that
jurists of reason would find it debatable
whether the petition states a valid claim of
the denial of a constitutional right *and* that
jurists of reason would find it debatable
whether the district court was correct in
its procedural ruling." *Slack v. McDaniel,*
529 U.S. 473, 484, 120 S.Ct. 1595, 146
L.Ed.2d 542 (2000) (emphasis added). Be-
cause neither of Mayberry's procedural ar-
guments presents a debatable question of
whether the district court's procedural dis-
missal was correct, we decline to issue the
COA Mayberry requests.

Mayberry is entitled to statutory tolling
while "a properly filed application for State

post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C.A. § 2254(d)(2). Mayberry's statutory tolling argument focuses on one particular application for State post-conviction relief. Mayberry's original federal habeas petition stated, and the magistrate accepted, that he had properly filed a state application on March 21, 2012, which triggered a statutory tolling period. After the magistrate nevertheless found his petition was time-barred under § 2244(d)(1), Mayberry then argued he had been mistaken and objected to using the March 21 date. Instead, he claimed he had the triggered statutory tolling period on January 20, 2012, when he filed a letter with the state court which he claims requested the post-conviction ultimately sought in his March 21 motion. Mayberry claimed that he was therefore entitled to an extra 60 days of tolling which, for procedural reasons not relevant here, might have ultimately rendered his habeas petition timely. Mayberry included in the record a state docket sheet which showed he had indeed filed a letter with the state court on January 20. The district court did not address this objection when it adopted the magistrate's Recommendation.

Although the district court should have at least acknowledged Mayberry's objection on this point, this objection, in light of the record before us, is not enough to create a reasonable debate over whether the district court's procedural ruling was ultimately correct. Mayberry never made his January 20 letter a part of the record. After *sua sponte* requesting a copy of the letter from the state court and supplementing the record on appeal with it, we understand why. Even liberally construed, the letter simply requests documents, and nothing more. Because Mayberry's January 20 letter cannot be construed as an application for State post-conviction or other collateral review, his argument does not warrant any further statutory tolling.

Mayberry's second argument—that he had insufficient library access—must also fail because allegations regarding insufficient library access, standing alone, do not warrant equitable tolling. *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir.1998) (finding that lack of access to case law does not warrant equitable tolling).

For these reasons, we DENY Mayberry's motion for a certificate of appealability, DENY his motion to proceed *in forma pauperis* as moot, and DISMISS his appeal.